UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDELL JOSEPH REDMOND, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 2:13-CV-268 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH HOSPITAL GALVESTON, *et al*, | § § § § § | |
| Defendants. | § § | |

## OPINION AND ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* FOR THE LIMITED PURPOSE OF OBTAINING A *MARTINEZ* REPORT

Plaintiff Randell J. Redmond is a Texas state prisoner and a "three-strikes" litigant as that term is defined in 28 U.S.C. § 1915(g), meaning that, while incarcerated or detained, he has brought on three or more prior occasions, actions that were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted. As a consequence thereof, plaintiff has lost the privilege of proceeding *in forma pauperis* ("i.f.p."), unless he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

On August 23, 2013, plaintiff filed this civil rights action alleging that medical officials affiliated with the University of Texas Medical Branch and other TDCJ officials are acting with deliberate indifference to his serious medical needs (D.E. 1). He seeks leave to proceed *in forma pauperis* (D.E. 2). For the reasons stated herein, plaintiff's

application for leave to proceed *in forma* pauperis (D.E. 2) is granted, but only for the limited purpose of ordering a *Martinez*[1] Report.

## I. Three strikes rule.

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

## II. Plaintiff's litigation history.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Redmond v. Brozowski*, Case No. 5:96cv342 (W.D. Tex.) (dismissed as frivolous March 11, 1998) (affirmed on appeal, No. 98-50304); *Redmond v. Harlan*, Case No. 5:98cv303 (N.D. Tex) (dismissed as frivolous May 17, 1999); *Redmond v. Richardson,* Case No. 2:97cv266 (N.D. Tex) (dismissed as frivolous October 21, 1999). No appeals are pending in these cases.

---

[1] Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Cay v. Estelle, 789 F.2d 318, 323 n. 4 (5th Cir. 1986).

## III. Discussion.

Plaintiff has accumulated at least three strikes as a result of his previously filing frivolous lawsuits and/or appeals. As such, he has lost the privilege of proceeding i.f.p., and the instant motion to proceed i.f.p. must be denied unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v.Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

In the instant lawsuit, Plaintiff claims that he was injured during a catheterization procedure that preceded surgery in 2009 (D.E. 1 at 9 of 21). Plaintiff claims that UTMB medical officials have refused to diagnose or treat his pain since that time. Plaintiff describes his pain as constant, burning, and excruciating.

To the extent that Plaintiff claims that the named Defendants were deliberately indifferent or even negligent at the time that the catheterization procedure occurred in 2009, his claims are barred by the two-year statute of limitations. The district court may raise the defense of limitations *sua sponte*, and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of

limitations. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). Federal civil rights actions instituted in Texas, such as those brought pursuant to 42 U.S.C. § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). Accrual of a § 1983 claim is governed by federal law. A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir.1998).

In this case, Plaintiff became aware of his claims on the date of his surgery. Even taking into consideration the time to exhaust, plaintiff's claims are barred by limitations. All such claims are dismissed as barred by limitations.

In any event, the harms are past harms, and not subject to the exception of imminent danger of physical injury. Moreover, any claims that officials have failed to treat him in the past are also harms and not subject to the exception.

As to Plaintiff's claims that he continues to experience excruciating untreated pain, the court will assume that the exception in § 1915(g) has been met, or at least should be explored, and a *Martinez* report will be ordered on this issue only. Plaintiff's application for leave to proceed *in forma pauperis* is granted for the limited purposes of ordering a *Martinez* report. The application is denied for all other purposes. Should Plaintiff wish to litigate his remaining claims, he may do so only by prepayment of the $400[1] filing fee.

---

[1] A $50 added administrative fee is required in all cases except where i.f.p. is granted.

Plaintiff is still subject to the PLRA, and a collection order will be entered.

SIGNED and ENTERED this ____4th____ day of September, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE