UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| RANDELL JOSEPH REDMOND, § § Plaintiff, § VS. § UNIVERSITY OF TEXAS MEDICAL § BRANCH HOSPITAL GALVESTON, *et* § *al*, § Defendants. § | CIVIL ACTION NO. 2:13-CV-268 |

## OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Randell Joseph Redmond is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. On August 23, 2013, he filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that certain TDCJ-CID officials, as well as medical personnel at the University of Texas Medical Branch ("UTMB"), had violated, and were continuing to violate, his constitutional rights by denying him medical treatment and pain medication in deliberate indifference to his serious medical needs (D.E. 1). Because he is a three strikes prisoner, he was allowed to proceed *in forma pauperis* only on his claim that medical officials were refusing to treat his excruciating pain (D.E. 10). Pending is Plaintiff's first motion for appointment of counsel (D.E. 6).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of

legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  Further, Bounds did not create a "free-standing right to a law library or legal assistance."  Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims.  He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature.  A Martinez[1] report

---

[1]Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Cay v. Estelle, 789 F.2d 318, 323 n. 4 (5th Cir. 1986).

was ordered this date. Until that report is received, no screening pursuant to 28 U.S.C. § 1915A will occur. Appointment of counsel at this time is premature.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 6) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 4th day of September, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE